FILED
2008 Aug-22 PM 01:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MARSHALL VAN REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:08-cv-0680-RRA |
| ) | |
| BOYD K. DERRICK, et. al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on June 24, 2008, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim upon which relief can be granted, under 28 U.S.C. § 1915A(b). The plaintiff filed objections to the report and recommendation on July 9, 2008.

In the plaintiff's objections, he argues that the facts reasonably demonstrate that Defendant Derrick intended to deprive him of his property, and states that the Alabama Board of Adjustment has since issued a ruling denying compensation. (Doc. 10 at 1-3). However, the plaintiff's contentions, even if true, make no legal difference in this case. The allegations presented by the plaintiff do not show a taking pursuant to an established state policy or procedure, but are analogous to an unauthorized, intentional deprivation of property by a government employee. Even assuming Defendant Derrick knowingly and intentionally stole the plaintiff's personal property, the Supreme Court has stated that an unauthorized, intentional deprivation of property by a state employee does not constitute a violation of the due process requirements of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533

(1984); *See also Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).

In this instance, the plaintiff was not deprived of property without due process of law. Although the Board of Adjustment denied the claim, the plaintiff may still bring an action in the courts of the state of Alabama for redress. *See Carmichael v. State Board of Adjustment*, 249 Ala. 542, 32 So.2d 216 (1947). The post-deprivation remedies available to the plaintiff under Alabama tort law are sufficient to satisfy due process under *Parratt* and *Hudson*. *See Parratt*, 451 U.S. at 543; *Hudson,* 468 U.S. 534-35.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and hereby is **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the plaintiff's complaint is due to be **DISMISSED** for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b). To the extent that any of the plaintiff's claims could be construed as state law claims, they are due to be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1367(c)(3). A Final Judgment will be entered.

DATED this 22nd day of August, 2008.

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE